# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ADRIAN N. BACON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00262 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **J. CURRY, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Adrian N. Bacon, Pro Se Plaintiff; Laura E. Maughan, Office of the Attorney General, Richmond, Virginia, for the Defendants.*

Adrian N. Bacon, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that prison officials used excessive force against him. After review of the record, I conclude that Bacon is barred from pursuing some of his claims because he failed to exhaust his administrative remedies before filing this action.

I.

Bacon makes the following factual claims in his sworn Complaint, which I must accept as true for the present purposes. On May 17, 2018 at Wallens Ridge State Prison ("Wallens Ridge"), Bacon banged on his cell door to get the attention of a correctional officer. Defendants Curry, Byington, Collins, and Harris approached to speak with Bacon, who had his arm resting across the open tray slot.

He asked to speak to a supervisor, but the officers refused this request. Curry and Byington removed their canisters of OC spray and threatened to "gas" Bacon.[1] Compl. 1, ECF No. 1. Bacon told them that they could not gas him for wanting to speak to a supervisor. Curry then kicked the tray slot door closed on Bacon's arm approximately four times and sprayed Bacon with OC gas. "Collins, Byington, and Harris stood by without interfering to stop their co-worker from assaulting" Bacon. *Id.*

Bacon's § 1983 Complaint names all four officers as defendants. He contends that Curry used excessive force against him, while the others stood by and failed to intervene to prevent Curry's unconstitutional actions. As relief, he seeks monetary damages and injunctive relief providing him a transfer.

The defendants have filed a Motion for Summary Judgment on the ground that Bacon failed to exhaust administrative remedies properly before filing this action. *See* 42 U.S.C. § 1997e(a). Bacon has responded to their motion, making it ripe for disposition.

## II.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted

---

[1] OC spray is a chemical agent and irritates the eyes, throat, and nose. *See, e.g., Park v. Shiflett,* 250 F.3d 843, 849 (4th Cir. 2001) (describing the physiological effects of OC spray).

available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory, *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006).

The defendants contend that Bacon did not exhaust available administrative remedies before filing this lawsuit. In support of this argument, they present an affidavit from Wallens Ridge Human Rights Advocate B. Ravizee, who is responsible for maintaining grievance files on inmates there.

Operating Procedure 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Mem. Supp. Mot. Summ. J., Ravizee Aff. ¶ 4 & Enclosure A, ECF No. 13-1. Under this procedure, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally — by completing an Informal Complaint form and submitting it to prison staff. *Id.* ¶ 6. He should receive a written response on the bottom of the Informal Complaint form within fifteen days, in order to allow him to initiate the formal grievance procedure by filing a Regular Grievance within thirty days of the occurrence about which he complains. *Id.* After investigation of the Regular Grievance, the warden or his designee will send

the inmate a Level I response. *Id.* ¶ 8. If the responding official determines the grievance to be unfounded, to complete the exhaustion process, the inmate must appeal that holding to the regional administrator for a Level II response, and in some cases, to Level III. *Id.*

The defendants bear the burden of proving the affirmative defense that Bacon failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In Ravizee's review of Bacon's grievance file for administrative remedy forms related to the allegations in this lawsuit, none of Bacon's recorded administrative remedy forms complained that Collins, Byington, and Harris failed to intervene to stop Curry's actions against Bacon on May 17, 2018. *See* Ravizee Aff. ¶¶ 11-12, ECF No. 13-1.

Ravizee's search did reflect that Bacon submitted Informal Complaint WRSP-18-INF-01192, dated May 17, 2018. *Id.* ¶ 11 & Enclosure B. Bacon complained that he is asthmatic, but Curry kicked the tray slot door closed on his arm and used OC gas on him without first seeking medical approval. Bacon also filed Informal Complaint WRSP-18-INF-01275, dated May 20, 2018. *Id.* ¶ 12 & Enclosure C. In it, he complained that Curry should be written up for bringing disciplinary charges against Bacon for the incident on May 17, 2018,[2] when it was

---

[2] Defendants present evidence that after the incident on May 17, 2018, Bacon received five disciplinary charges: disobeying a direct order (two charges), tampering

Curry who assaulted Bacon that day. *Id.* Unit Manager Collins received and logged both of Bacon's Informal Complaint forms.

On May 31, 2018, Lieutenant K. M. Fleming spoke with Bacon to resolve the Informal Complaints. According to Fleming, "Bacon was cooperative during the meeting and admitted to [Fleming] that he was disruptive and had dislodged that tray slot from the cell door on May 17, 2018." *Id.* at Fleming Aff. ¶ 8, ECF No. 13-2. Given the staff's incident reports and video documentation of the incident on May 17, 2018, Fleming told Bacon that he did not believe the responses to the Informal Complaints would be favorable to Bacon.

Fleming states that Bacon voluntarily chose to withdraw the Informal Complaints. The copies of the forms in the record reflect that on May 31, 2018, Bacon signed each form, indicating that he wished to "voluntarily withdraw this Informal Complaint," and acknowledging that in so doing, he would not receive a response or be able to file any other Informal Complaint or grievance on the same issue. *Id.* at Ravizee Aff., Enclosure C, ECF No. 13-1. Fleming states that he "did not threaten, force, or coerce Bacon into withdrawing the Informal Complaints nor did anyone else in the meeting" on May 31, 2018. *Id.* at Fleming Aff. ¶ 11, ECF No. 13-2.

---

with security equipment (two charges), and attempting to assault a non-offender. He was found guilty of all five charges.

Bacon does not disagree with the defendants' representations about his failure to present his current claims to prison officials through all levels of the OP 866.1 grievance procedures, nor does he offer evidence to the contrary. Accordingly, I conclude that the defendants have established Bacon's failure to exhaust administrative remedies as required under § 1997e(a).

An inmate who has failed to exhaust compliance with § 1997e(a) may escape summary judgment if he states facts showing that the remedies under the established grievance procedure were not available to him. *Ross*, 136 S. Ct. at 1859. Generally, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

In his response to the defendants' motion, Bacon does not make any argument or offer any further evidence on any aspect of the exhaustion issue. In his notarized Complaint, however, he contends that he withdrew the Informal Complaints about Curry's actions because he was threatened. Specifically, Bacon states that on May 25 and 31, 2018, he "was threatened to withdraw [his] complaints or [he]'d be left/put back in seg for a threatening bodily harm. Therefore, [he] withdrew due to duress and intimidation." Compl. 2, ECF No. 1. Officers' actions that "thwarted the effective invocation of the administrative process through *threats*, game-playing, or misrepresentations" may be sufficient to

show that the grievance procedure was unavailable to the inmate. *Ross*, 136 S. Ct. at 1862 (emphasis added).

Taking the evidence on exhaustion in the light most favorable to Bacon, I conclude that the defendants' motion under § 1997e(a) must be granted in part and denied in part. Bacon has presented no evidence that he attempted to file any administrative remedy form to complain that Collins, Byington, and Harris did not intervene on his behalf on May 17, 2018. I also find no evidence indicating that Bacon could now exhaust administrative remedies against these defendants and refile his claims against them. Accordingly, I will grant summary judgment for Collins, Byington, and Harris.

I do find a material disputed fact that precludes summary judgment for defendant Curry, however. Bacon may be able to persuade a reasonable fact finder that his undisputed attempts to exhaust administrative remedies were stymied by threats of segregated confinement if he did not withdraw his Informal Complaints about Curry. Accordingly, I will deny summary judgment under § 1997e(a) for Curry and refer this exhaustion question to the magistrate judge for further factual development.

III.

For the reasons stated, it is hereby **ORDERED** as follows:

1. The defendants Motion for Summary Judgment, ECF No. 12, is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to the bystander liability claims against defendants Collins, Byington, and Harris, and the clerk SHALL terminate these persons as parties. The motion is DENIED as to the excessive force claim against defendant Curry; and

2. The case is hereby REFERRED to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of further proceedings, including an evidentiary hearing and preparation of a Report and Recommendation, in order to resolve the dispute regarding whether or not the established grievance procedures were available to Bacon.

ENTER: June 10, 2019

/s/ James P. Jones
United States District Judge